UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-19-15-G |
| ) | Case No. CIV-22-288-G |
| JAYLYN MARQUICE BELL, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Now before the Court is Defendant Jaylyn Marquice Bell's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 156). The Government has responded (Doc. No. 174), and Defendant has filed a Reply (Doc. No. 181). After careful consideration of the parties' arguments, the relevant authorities, and the case record, the Court determines that no evidentiary hearing is necessary and that the Motion should be denied on the existing record.[1]

I.  *Background*

In this case, Defendant was convicted of using Jane Doe, a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Specifically, Defendant engaged in sexual intercourse with Doe and filmed that act on his phone. *See* Plea Pet. (Doc. No. 67) at 11. As detailed in the Final Presentence Investigation Report (Doc. No. 78) and referenced in various filings by the parties, Defendant also

---

[1] No evidentiary hearing is required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996).

harmed Doe in other ways. Defendant recruited Doe from a drug rehabilitation facility and began trafficking her for commercial sex with strangers. Defendant advertised on the internet the opportunity to have commercial sex with Doe and coordinated appointments for that purpose. Defendant kept for himself the proceeds of the commercial sex transactions while telling Doe that he was in a romantic relationship with her. Following his arrest, Defendant had his contacts reach out to Doe in an attempt to convince Doe to protect Defendant. Order of Aug. 2, 2024 (Doc. No. 183) at 4-5.

On February 19, 2019, Defendant was charged with one count of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a). *See* Superseding Indictment (Doc. No. 27). On June 11, 2019, the parties presented to the Court a signed plea agreement, in which Defendant among other things agreed to "waive[] the right to appeal Defendant's guilty plea" and "Defendant's sentence as imposed by the Court . . . and the manner in which the sentence is determined," with the lone exception that "[i]f the sentence is above the advisory Guidelines range determined by the Court to apply to Defendant's case" then Defendant had the "right to appeal specifically the substantive reasonableness of Defendant's sentence." Plea Agreement (Doc. No. 68) at 8. Further, Defendant agreed to "waive[] the right to collaterally challenge or move to modify (under 28 U.S.C. § 2255 . . . or any other ground) Defendant's conviction or sentence . . . except with respect to claims of ineffective assistance of counsel." *Id.* at 8-9.

Prior to accepting the plea agreement and guilty plea, the Court advised Defendant in open court of (1) the full range of punishment that he would face upon pleading guilty and (2) the rights Defendant would waive by pleading guilty, including the right to appeal

or collaterally attack his sentence except under limited circumstances. *See* Plea Hr'g Tr. 8:11-12:7 (Doc. No. 96). Defendant represented to the Court that he understood all statements contained in the Plea Agreement, that he understood what he was giving up by pleading guilty, including his appellate rights, and that he had not been threatened or promised anything to induce him to plead guilty. *See id.* at 12:11-15:20. After confirming that Defendant was "totally satisfied with the quality of services that have been provided to [Defendant] by [his] attorneys," the Court accepted the plea, finding that Defendant was competent to enter a plea of guilty, that he understood the charge and the potential punishment on that charge, that he was knowingly, voluntarily, and intelligently entering a plea of guilty to the charge, and that there was a factual basis for the plea of guilty. *Id.* at 15:17-16:1, 17:17-18:6.

The Final Presentence Investigation Report ("PSR") was filed on November 20, 2019. Defendant's counsel then filed a written Sentencing Memorandum with supporting exhibits (Doc. No. 83), presenting Defendant's sentencing arguments to the Court.

At the sentencing hearing of March 11, 2020, the Court, after ruling on the disputed portions of the PSR as necessary and adopting the undisputed portions of the PSR as findings of the Court, determined that the advisory imprisonment range under the United States Sentencing Guidelines was 360 months. Sent'g Tr. 30:4-14 (Doc. No. 102). The Court varied downward and imposed a sentence of 216 months' imprisonment followed by 10 years of supervised release, with the determination of restitution to be deferred. *See id.* at 47:8-24, 48:12-13; Am. J. (Doc. No. 103) at 2-3, 7.

Defendant appealed his sentence to the Tenth Circuit Court of Appeals. After the Government moved to enforce Defendant's waiver of appeal rights in the Plea Agreement, Defendant's appellate counsel responded with an acknowledgement that the "appeal waiver is enforceable" "because [Defendant] does not have the ability to carry his burden of proof to demonstrate otherwise." *United States v. Bell*, 843 F. App'x 138, 140 (10th Cir. 2021) (internal quotation marks omitted). The Tenth Circuit invited Defendant to file a pro se response; Defendant did so, "contending that he did not knowingly and voluntarily enter into his plea agreement or waive his rights to an appeal." *Id.* On February 9, 2021, the Tenth Circuit dismissed the appeal. *See id.* at 141-42.

Following additional proceedings, this Court entered a Second Amended Judgment (Doc. No. 184), requiring Defendant to pay $283,440 in restitution to the victim but leaving the term of imprisonment unchanged. *See id.* at 7-8; Order of Aug. 2, 2024, at 13.

II.    *28 U.S.C. § 2255*

Under 28 U.S.C. § 2255, a prisoner in custody serving a federal sentence may move to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Section 2255 is available to correct errors of constitutional or jurisdictional dimension, or fundamental errors which result in a complete miscarriage of justice." *Brown v. United States*, 34 F.3d 990, 991 (10th Cir. 1994); *see also United States v. Addonizio*, 442 U.S. 178, 184-86 (1979).

4

### III. Defendant's 28 U.S.C. § 2255 Motion

Defendant presents eleven grounds for relief in his § 2255 Motion. *See* Def.'s Mot. at 3-17. The Court liberally construes each ground, as numbered by Defendant and in the sequence in which the Government has presented its objections.

#### A. Ground Five: Knowing and Voluntary Waiver

"To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (internal quotation marks omitted). In Ground Five, Defendant argues that his plea was not made knowingly and voluntarily because "he was not inform[ed] by the Court of the true nature of the charges." Def.'s Mot. at 9-10.

On his prior appeal, Defendant also argued that "he did not knowingly and voluntarily enter into his plea agreement." *Bell*, 843 F. App'x at 140. When the Government moved to enforce the appeal waiver of the Plea Agreement, the Tenth Circuit considered in detail the "entire plea agreement"—including the express terms to which Defendant signed his agreement—and the Court's June 11, 2019 change-of-plea proceedings, summarized above. *Id.* at 140-41. Applying *United States v. Hahn*, the appellate court held that: (1) Defendant's appeal fell "within the scope of the appeal waiver"; (2) Defendant had not shown his plea agreement was made involuntarily and unknowingly; and (3) enforcing the plea waiver would "not result in a miscarriage of justice." *Id.* at 139-41 (citing *Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)). The Tenth Circuit therefore enforced the waiver of appeal rights within the Plea Agreement and dismissed Defendant's appeal. *See id.* at 141-42.

5

The Government objects that because Defendant's challenge to the knowing and voluntary nature of the Plea Agreement was "previously considered and disposed of" on direct appeal, he "may not raise these issues under § 2255." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *see* Gov't's Resp. at 10-11. This objection is well taken: "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *see also United States v. Irving*, 665 F.3d 1184, 1192-93 (10th Cir. 2011) (declining to reconsider challenges that were rejected on a co-defendant's direct appeal). The Court finds that relief on Ground Five is foreclosed by the Tenth Circuit's finding that Defendant "knowingly and voluntarily waived his appellate rights." *Bell*, 843 F. App'x at 139, 141.

### B. Grounds Two, Three, and Four

In Ground Two, Defendant argues that the Court lacks subject-matter jurisdiction because Defendant "did not send the video in question" and did not know that the video was going to cross state lines and thereby affect interstate commerce. Def.'s Mot. at 5-6 ("[W]ithout this essential element there [is] no Federal Jurisdiction."). In Ground Three, Defendant alleges the Superseding Indictment is deficient due to its failure to state the purported 18 U.S.C. § 2251(a) requirement that Defendant knew or had reason to know about the transmission of the video. *See id.* at 7-8; Def.'s Reply at 10-14. Defendant argues in Ground Four that the Court lacked a factual basis to accept Defendant's guilty plea due to Defendant's absence of knowledge regarding the transmission of the video. *See* Def.'s Mot. at 8-9; Def.'s Reply at 14.

6

None of these arguments was raised by Defendant on his direct appeal. *See* Def.'s Pro Se Br. (Doc. No. 174-5). The Government argues, and the Court agrees, that these new arguments are therefore procedurally defaulted.[2] "Section 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (alteration and internal quotation marks omitted). "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors" "or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.* "[I]f the government raises [this] procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown." *Id.*

As part of Ground Eleven, Defendant attempts to show "cause and prejudice" to overcome this procedural default by arguing that his appellate counsel was ineffective in failing to raise these issues to the Tenth Circuit. *See* Def.'s Mot. at 17-18; Def.'s Reply at 25-26.[3] The Court assumes without deciding that the ineffective assistance of Defendant's appellate counsel would serve as cause for the omission of Grounds Two, Three, and Four

---

[2] While the Court need not reach a determination thereon, the Government also argues that Defendant's effort to raise these claims in his § 2255 Motion is barred by Defendant's waiver of his "right to collaterally challenge . . . under 28 U.S.C. § 2255 . . . Defendant's conviction or sentence." Plea Agreement at 8-9; *see* Gov't's Resp. at 13-14.

[3] To show that his counsel's performance was constitutionally ineffective, Defendant must demonstrate that the performance of counsel was deficient and that such deficiency prejudiced the outcome of the case or appeal. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

7

from the direct appeal. *See Hickman v. Spears*, 160 F.3d 1269, 1272 (10th Cir. 1998) ("Attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default.").

Defendant is unable to establish "actual prejudice" resulting from this alleged attorney error, however. *Allen*, 16 F.3d at 378; *see United States v. Frady*, 456 U.S. 152, 170 (1982) (explaining that, to amount to "actual prejudice," the errors must do more than merely create a "*possibility* of prejudice"). First, even if Defendant's counsel had attempted to present Grounds Two, Three, and Four to the Tenth Circuit, relief would have been precluded due to these claims falling within the scope of the enforceable appeal waiver in the Plea Agreement. *See* Plea Agreement at 8; *Bell*, 843 F. App'x at 139-41; *cf. Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (noting, in the context of a claim that counsel had performed deficiently for failing to pursue an appeal, "that counsel's deficient performance must [have] actually cause[d] the forfeiture of the defendant's appeal"). Given the valid appeal waiver, Defendant's appellate counsel's performance did "not deprive[] him of anything." *Roe*, 528 U.S. at 484.

Second, Defendant's underlying arguments are meritless. Defendant's own transmission of or knowledge of transmission of the video across state lines was not a required element of the Government's theory of violation of § 2251(a). *See* Superseding Indictment at 1 (alleging that "the video was produced using materials that have been transported in and affecting interstate and foreign commerce, namely an Apple iPhone"); Plea Agreement at 2 (same); 18 U.S.C. § 2251(a) (prohibiting use of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct

8

if the visual depiction is produced "using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer"). And Defendant's assertion that "one of the crime's elements was not established" does not undermine the Court's jurisdiction over this matter. *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (explaining that such a claim is not constitutional or jurisdictional in nature). Defendant therefore cannot establish that any errors of appellate counsel worked to his "actual and substantial disadvantage." *Frady*, 456 U.S. at 170 (emphasis omitted); *cf. Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) ("[I]f the issue [omitted from the appeal] is meritless, its omission will not constitute deficient performance.").[4]

For all these reasons, Grounds Two, Three, and Four are procedurally defaulted by Defendant's failure to raise them on direct appeal.

### C. Ground Six: Improper Coercion by Counsel

In Ground Six, Defendant argues that his plea was involuntary because Defendant allegedly entered his guilty plea due to his defense counsel's "threats, coercion and false promises." Def.'s Mot. at 11-12. Specifically, Defendant argues that his defense counsel

---

[4] As to all the procedurally defaulted claims presented by the Motion, there is no reasonable suggestion in the record that the Court's failure to consider these claims under § 2255 will result in a fundamental miscarriage of justice. "To meet this exception to procedural bar," a defendant "must show that the constitutional errors he asserts likely resulted in the conviction of one who was actually innocent." *United States v. Angelos*, 417 F. App'x 786, 802 (10th Cir. 2011) (emphasis and internal quotation marks omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). As discussed *infra*, Defendant does not show "factual innocence" regarding his offense of conviction.

told him: (1) if Defendant did not plead guilty, he would receive a life sentence, because the Government would file more charges against him; (2) if Defendant pled guilty he would receive a 15-year sentence; (3) Defendant had "no chance" of winning at trial because he is Black and the victim is white; and (4) defense counsel did not want to go to trial because this was counsel's "first Federal trial case." *Id.*; Def.'s Reply at 2-3.

"A valid guilty plea may not be obtained through coercion," and the Court considers all relevant circumstances in determining the voluntariness of a plea. *Osborn v. Shillinger*, 997 F.2d 1324, 1327 (10th Cir. 1993) (citing *Brady v. United States*, 397 U.S. 742, 749 (1970)).

> Generally, a collateral attack on a conviction resulting from a guilty plea is confined to whether the underlying plea was both counseled and voluntary. Thus, a guilty plea bars subsequent challenges based on nonjurisdictional, pre-plea errors. *See, e.g.*, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

*Osborn*, 997 F.2d at 1327 (citations and internal quotation marks omitted).

Defendant was asked directly at his change-of-plea colloquy if "anyone had threatened [him] in order to get [him] to plead guilty," and he answered, "No." Plea Hr'g Tr. 15:1-3. Defendant also affirmed that he was "totally satisfied with the quality of" his attorney's services. *Id.* at 15:17-20; *see* Gov't's Resp. at 14-15. The change-of-plea colloquy "is an important safeguard that protects defendants from incompetent counsel or misunderstandings." *Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002). As noted by the Tenth Circuit in its discussion of Defendant's related challenges to the waiver portion

10

of the Plea Agreement, "[i]n spite of a defendant's post hoc assertions to the contrary," "either the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary. But the synergistic effect of both will often be conclusive." *Bell*, 843 F. App'x at 141 (internal quotation marks omitted).

Further, Defendant's counsel's advisement of potential additional charges or the sentence to be imposed post plea does not show that Defendant was coerced into pleading guilty. "Good faith threats of prosecution for additional crimes in the absence of a plea bargain do not undermine a plea's voluntariness." *Id.* And "[e]ven an 'erroneous' estimate of the sentence to be imposed under the plea bargain 'does not render a plea involuntary.'" *Id.* (quoting *Laycock v. New Mexico*, 880 F.2d 1184, 1186 (10th Cir. 1989)). Defendant's remaining contentions—that his counsel told him Defendant had "no chance" of winning at trial and that counsel did not want to go to trial—do not reasonably reflect "coercion" by his attorney that would render the plea involuntary. Such advice did not amount to "guarantees or promises" or "inform [Defendant] that he ha[d] no choice, he must plead guilty." *Fields*, 277 F.3d at 1213. "Advice—even strong urging[—]by counsel does not invalidate a guilty plea." *Id.* (internal quotation marks omitted). Defendant's unsubstantiated allegations do not show an entitlement to relief on this basis.

### D. Ground Seven: Improper Sentencing Enhancements

In calculating Defendant's advisory sentence under the United States Sentencing Guidelines ("USSG"), the PSR increased Defendant's offense level pursuant to application of multiple Specific Offense Characteristics and Adjustments, as well as one Enhancement.

*See* PSR ¶¶ 63-72.  Defendant objected to certain of these increases.  *See* PSR Add. (Doc. No. 78, at 40-46) at 44-45; Sent'g Tr. 7:25-8:25, 9:21-18:25.  At sentencing, the Court overruled certain of Defendant's objections, found that no ruling was necessary as to one objection, and adopted the PSR.  *See* Sent'g Tr. 21:4-22:20; Am. Statement of Reasons (Doc. No. 184) at 1.

Defendant in Ground Seven challenges the Court's application of the "Unwarranted Enhancements" in Paragraphs 65, 66, 67, 68, and 72 of the PSR.  *See* Def.'s Mot. at 12-13; Def.'s Reply at 15-17.[5]  The Government responds that Defendant may not raise this claim due to his failure to present it on direct appeal.  *See* Gov't's Resp. at 15-16; *Allen*, 16 F.3d at 378.[6]

Defendant attempts to show cause and prejudice to avoid this procedural default, arguing in Ground Eleven that his failure to raise this proposition of error on appeal was due to ineffective appellate counsel.  *See* Def.'s Mot. at 17-18.  Assuming without deciding that the ineffective assistance of Defendant's appellate counsel would serve as cause for the omission of Ground Seven on the direct appeal, however, Defendant cannot show "actual prejudice" from such attorney error.  *See Hickman*, 160 F.3d at 1272; *Allen*, 16 F.3d at 378.  Even if appellate counsel had sought relief on Ground Seven, no such relief would

---

[5] Defendant raised no objection to Paragraph 65.  The Court declined to rule upon Defendant's objection to Paragraph 66, finding that any disposition would not affect the computation of the total offense level.  *See* Sent'g Tr. 22:2-15.  The Court overruled Defendant's objections to Paragraph 67 and 68.  *See id.* at 21:4-22:1.  At the sentencing hearing, Defendant withdrew his objection to Paragraph 72.  *See id.* at 7:25-8:3.

[6] The Government also argues that this argument is precluded by the collateral-attack waiver in the Plea Agreement.  *See* Gov't's Resp. at 15; Plea Agreement at 8-9.

have been available. This sentencing dispute falls squarely within the scope of the appeal waiver upheld by the Tenth Circuit. *See* Plea Agreement at 8 (waiving Defendant's right to appeal his sentence "and the manner in which the sentence is determined"); *Bell*, 843 F. App'x at 139-41. Defendant's appellate counsel's performance did "not deprive[] him of anything" or place him at a "substantial disadvantage." *Roe*, 528 U.S. at 484; *Frady*, 456 U.S. at 170.

### E. Ground One: Actual Innocence

In Ground One, Defendant argues that he is "actually innocent" of violation of 18 U.S.C. § 2251(a) for various reasons, including that he had been in a romantic relationship with the victim, that the victim had told Defendant she was 20 years old, and that he had not transmitted or known about any transmission of the video after it was made. *See* Def.'s Mot. at 3-4; Def.'s Reply at 3-6.

Defendant's claim is foreclosed by Tenth Circuit precedent, which holds that actual innocence is not, in and of itself, a cognizable basis for relief under 28 U.S.C. § 2255. *United States v. Durham*, No. CR-14-231-R, 2022 WL 16836977, at *3-4 (W.D. Okla. Nov. 9, 2022) (citing *Farrar v. Raemisch*, 924 F.3d 1126, 1130-31 (10th Cir. 2019) (explaining that, while a claim of actual innocence can be used as a procedural "gateway" to overcome a procedural bar, "actual innocence does not constitute a freestanding basis for habeas relief")). Actual innocence therefore "cannot provide a substantive claim for relief from his conviction[]." *United States v. Gabourel*, No. CR-15-172-D, 2022 WL 16702475, at *2 (W.D. Okla. Nov. 3, 2022).

Moreover, as discussed above, the Government was not required to demonstrate that

Defendant transmitted or knew of any transmission of the finished video to prove the interstate-commerce element of Defendant's violation of 18 U.S.C. § 2251(a). And to establish "actual innocence," Defendant must prove his "factual innocence" of the offense. *Bousley*, 523 U.S. at 623. Defendant's arguments regarding the supposedly extenuating circumstances of the victim's status go to "mere legal insufficiency," rather than establishing that, "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal quotation marks omitted).

### F. Grounds Eight and Nine: Ineffective Assistance of Trial Counsel (Pretrial)

Defendant next argues that his trial counsel rendered ineffective assistance in violation of the Sixth Amendment. Claims of ineffective assistance of counsel are not subject to procedural bar and are appropriately raised for the first time in a § 2255 motion in most instances. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

To show that his counsel's performance was constitutionally ineffective, Defendant must demonstrate that the performance of counsel was deficient and that such deficiency prejudiced the outcome of the case. *See Strickland*, 466 U.S. at 687. To establish the first prong of the *Strickland* test—that counsel's performance was deficient—Defendant must show that counsel's behavior was unreasonable under "prevailing professional norms." *Id.* at 688. The Supreme Court shuns specific guidelines for measuring deficient performance, as "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id.* at 688-89.

Even if Defendant shows deficient performance, he must also show prejudice by establishing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. In making that determination, the court must "tak[e] the unaffected findings as a given" and decide whether the outcome "would reasonably likely have been different absent the errors." *Id.* at 696.

The Court "may address the performance and prejudice components in any order" and "need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

In Ground Eight, Defendant faults his trial counsel for allegedly failing to argue the claims set forth above in Grounds One through Six. *See* Def.'s Mot. at 14-15. Each of these grounds is meritless as explained herein:

- Ground One: For the reasons set forth *supra* in Part III(E), Defendant has not shown a basis to find he was actually innocent of the charged offense.

- Grounds Two, Three, and Four: Defendant's own transmission of or knowledge of transmission of the video was not a required element of the Government's theory of violation of § 2251(a), and Defendant's assertion that "one of the crime's elements was not established" does not undermine the Court's jurisdiction over this matter. *See supra* Part III(B).

- Grounds Five and Six: As addressed *supra* in Parts III(A) and III(C), Defendant has

15

not shown that his trial counsel's actions rendered his guilty plea unknowing and involuntary.

To show that trial counsel's actions were "constitutionally ineffective," Defendant must show they were "completely unreasonable, not merely wrong, so that they bear no relationship to a possible defense strategy." *Parker v. Jones*, 423 F. App'x 824, 828 (10th Cir. 2011) (alteration and internal quotation marks omitted). Because these claims are meritless, trial counsel's failure to raise them was not "wrong," much less "completely unreasonable." *Id.*; *see also Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). Defendant therefore has failed to establish deficient performance by counsel on Ground Eight.

In Ground Nine, Defendant additionally argues that his counsel erred by failing to raise various "required" motions "that could have changed the outcome of the proceedings." Def.'s Mot. at 4-15; Def.'s Reply at 18-24. Defendant's mere identification of types of motions does not establish prejudice—i.e., it does not show that any failure in this respect affected the proceedings or "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Court is "not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

G. *Ground Ten: Ineffective Assistance of Trial Counsel (Sentencing)*

Defendant next argues that his trial counsel performed deficiently at sentencing by "withdrawing many objections," "which resulted in enhancements to be used without the facts necessary to prove them." Def.'s Mot. at 16; Def.'s Reply at 24-25.

Defendant does not identify the challenged withdrawn objections or explain in what manner any such withdrawal affected his sentence. Such "[c]onclusory allegations" and "vague descriptions of the alleged deficient performance" do not suffice to establish the deficiency prong of *Strickland*. *United States v. Davis*, No. CR-16-119-R-7, 2018 WL 3077801, at *3 (W.D. Okla. June 21, 2018) (citing *Fisher*, 38 F.3d at 1147). Defendant's general disagreement with his attorney's approach at sentencing does not overcome the presumption that his counsel's "challenged action 'might be considered sound trial strategy'" and therefore fails to establish ineffective assistance as to Ground Ten. *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

### H. Ground Eleven: Ineffective Assistance of Appellate Counsel

Finally, Defendant argues that his appellate counsel should have raised Grounds One through Seven on direct appeal, as "that could have changed the outcome . . . in a major way." Def.'s Mot. at 17-18.

"A claim of appellate ineffectiveness can be based on counsel's failure to raise a particular issue on appeal, although it is difficult to show deficient performance under those circumstances because counsel need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Cargle*, 317 F.3d at 1202 (internal quotation marks omitted). Stated differently, "the Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal." *Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir. 1995). "It is completely reasonable, and in fact advisable, for appellate counsel to eliminate weak but arguable

17

claims and pursue issues on appeal [that] are more likely to succeed." *Jackson v. Shanks*, 143 F.3d 1313, 1321 (10th Cir. 1998).

As set forth above, Grounds One through Six lack merit. Relief on the sentencing claims set forth in Ground Seven would have been precluded by the appeal waiver. Omission of meritless issues does not constitute deficient performance, *Cargle*, 317 F.3d at 1202, and Defendant's bald, "speculative assertions" are "clearly insufficient" to prove prejudice. *Boyle v. McKune*, 544 F.3d 1132, 1140 (10th Cir. 2008). Defendant has not shown that he is entitled to relief under *Strickland*.

## CONCLUSION

It is therefore ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 156) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a defendant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

A separate judgment shall be entered.

IT IS SO ORDERED this 12th day of September, 2025.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge